# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-06654-SVW-ADS | Date | 8/19/2021 |
| Title | *Joseph v. Superior Court of California, Los Angeles* | | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [1]

Before the Court is an ex parte application for a temporary restraining order ("TRO") sought as part of Plaintiff Kristen Joseph's pro se complaint. For the reasons stated below, the application is DENIED.

On February 22, 2021, the Los Angeles County Superior Court issued an order authorizing the removal of Plaintiff's son from her care, finding it necessary to ensure the child's safety and physical health. Dkt. 1 ("Compl.") ¶¶ 34-35; Ex. E. Since that time, Plaintiff's child has remained in the care of the Department of Children and Family Services ("DCFS"). *Id.* ¶¶ 74-75.

Plaintiff filed this pro se complaint, alleging that her due process and equal protection rights have been violated by the dependency proceedings against her and the inadequate performance of her appointed counsel in those proceedings. *Id.* ¶¶ 12, 100.[1] Plaintiff seeks this TRO to enjoin the Los Angeles County Superior Court and DCFS from any further proceedings regarding the custody of her

---

[1] The substance of Plaintiff's claim is difficult to make out from the complaint. Plaintiff asserts two "causes of action", one alleging a conspiracy to interfere with her civil rights in violation of 42 U.S.C. § 1985, and the other alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 2000a-6. Compl. ¶¶ 108-120. However, Plaintiff also separately states that this action arises under 42 U.S.C. § 1983 and invokes due process and equal protection rights. *Id.* ¶¶ 12-13, 100. Construing the complaint liberally, as the Court must, *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007), the essence of Plaintiff's complaint appears to be that the procedures and outcome of the dependency case, as well as the performance of her counsel, denied her due process and equal protection.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06654-SVW-ADS | Date | 8/19/2021 |
|---|---|---|---|
| Title | *Joseph v. Superior Court of California, Los Angeles* | | |

son and to enjoin Los Angeles Dependency Lawyers, her appointed counsel in the dependency proceedings, from further representing her in the matter. *Id.* ¶¶ 104-105.[2]

The purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm until a hearing may be held on the propriety of a preliminary injunction. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). Courts consider whether a plaintiff is likely to succeed on the merits, whether she is likely to suffer irreparable harm in the absence of preliminary relief, whether the balance of equities tips in her favor, and whether an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A likelihood of success on the merits is a threshold issue; if a plaintiff fails to show a likelihood of success, the Court need not consider the remaining *Winter* elements. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

Here, Plaintiff cannot show a likelihood of success on the merits because her claim is barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine provides that federal district courts lack appellate jurisdiction over state court decisions. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The doctrine applies not only when a party contests the merits of a state court decision, but also to a "de facto appeal" that requires the district court to interpret the application of state laws or procedural rules. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)).

Plaintiff's primary complaint seems to be that the Superior Court made erroneous evidentiary determinations and unwarranted factual conclusions in approving the removal of her child from her custody. Compl. ¶¶ 47-56, 84, 88; Ex. A. In doing so, Plaintiff directly contests the merits of the state court's decision, which this Court lacks jurisdiction to review under the Rooker-Feldman doctrine. *See Reusser*, 525 F.3d at 859. To the extent that Plaintiff challenges the procedures used in her dependency proceeding, such as the use of a closed hearing and consideration of hearsay evidence,[3] or her counsel's

---

[2] Plaintiff alternates between identifying the Los Angeles County Superior Court, DCFS, and Los Angeles Dependency Lawyers, as organizational defendants, and naming specific individuals within those organizations as the defendants. Compl. ¶¶ 1, 17-20, 104-106. Because it does not affect the disposition of this order, the Court assumes that Plaintiff proceeds against both the organizations and the specified individuals.

[3] Cal. Welf. & Inst. Code §§ 345-46 (West 2016) sharply restrict public attendance and "create[] a presumption that dependency proceedings are closed." *In re A.L.*, 224 Cal.App.4th 354, 368 (Cal. Ct. App. 2014). Cal. Welf. & Inst. Code §§ 355, 358 (West 2016) permits dependency courts to receive "relevant and material" evidence, including hearsay evidence. *See In re Vincent G.*, 162 Cal.App.4th 238, 243 (Cal. Ct. App. 2008).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06654-SVW-ADS | Date | 8/19/2021 |
|---|---|---|---|
| Title | *Joseph v. Superior Court of California, Los Angeles* | | |

failure to object to those procedures, Compl. ¶¶ 7-12, 86; Ex. A, this constitutes a "de facto appeal" that requires this Court to interpret application of state procedural law and "'in essence [] review the state court decision.'" *Reusser*, 525 F.3d at 859 (quoting *Feldman*, 460 U.S. at 483 n. 16). This too is barred by the Rooker-Feldman doctrine. *Id.* Accordingly, because this Court lacks jurisdiction to act as a court of appeals for state court decisions, Plaintiff cannot demonstrate a likelihood of success on the merits in her claim.

For the foregoing reasons, the ex parte application for a TRO is DENIED.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |