UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:21-06654 SVW (ADS)　　　　　　　　　　　　Date: February 10, 2022

Title: *Joseph v. Superior Court of California Los Angeles, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|  Kristee Hopkins  | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**I.   INTRODUCTION**

Before the Court is a pro se civil rights complaint filed by Plaintiff Kristen Joseph ("Plaintiff"). (Dkt. No. 1., Compl.) Having conducted the mandatory screening as required under 28 U.S.C. § 1915A(a), the Court dismisses the Complaint with leave to amend.

**II.   FACTUAL ALLEGATIONS**

The allegations in Plaintiff's Complaint are difficult to decipher. As best the Court can understand, this case relates to an ongoing juvenile dependency proceeding in Los Angeles Superior Court. Plaintiff is the mother of W. J. (Compl. ¶ 23.) The Complaint alleges that all the defendants removed her son from her custody and began terminating her parental rights. (Id. ¶¶ 2, 27-33.) The Complaint also alleges that the Los Angeles Dependency Lawyers and its attorneys were appointed to represent her but have failed to adequately do so. (Id. ¶ 43-46, 55, 88.) The Complaint further alleges that Plaintiff has tried to file for accommodations but has been prevented from doing so by unidentified court clerks. (Id. ¶¶ 69-70.) The Complaint alleges that a hearing was scheduled to occur on July 16, 2021—a month before the Complaint was filed—to make a final decision regarding her parental rights to her son. (Id. ¶¶ 82, 84.) It is unclear from the Complaint whether that hearing occurred. The Complaint alleges Plaintiff has been deprived of her due process and equal protection rights under the Fourteenth Amendment. (Id. ¶¶ 7-28, 84-88).

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-06654 SVW (ADS)                                                    Date:  February 10, 2022

Title:  *Joseph v. Superior Court of California Los Angeles, et al.*

      The Complaint specifically asserts two claims.  The first is conspiracy under 42 U.S.C. § 1985(3) ("Section 1985").  This claim is asserted against the (1) Los Angeles County Superior Court, Dependency Division and the judicial officers presiding over the dependency case (collectively, "Superior Court Defendants"); (2) Los Angeles County Department of Child and Family Services and its attorneys that filed the dependency case (collectively, "DCFS"); (3) Los Angeles Dependency Lawyers and its attorneys who have represented her (collectively, "LADL"); and (4) unidentified clerks who work for the Los Angeles Superior Court.[1]  The second is a violation of the Americans with Disabilities Act against the Superior Court Defendants and the unidentified clerks.  The Complaint does not identify the capacity in which any of these defendants are sued.  The Complaint seeks to enjoin any further proceedings in the juvenile dependency case and seeks general damages.

### III.    LEGAL STANDARD

      The Court must screen a pro se complaint brought by prisoners to identify the cognizable claims or to dismiss those that are frivolous, malicious, or fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(a)-(b)(1).  The Court accepts as true the factual allegations contained in the Complaint and construes all inferences in Plaintiff's favor.  See Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the Court need not accept as true "a legal conclusion couched as a factual allegation."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Court liberally construes the Complaint because Plaintiff is proceeding pro se.  Hamilton, 630 F.3d at 893.

---

[1] In addition to the named defendants under the Section "Parties," (Compl. at 4), several individuals who work for the organizational entities are identified throughout the Complaint.  The Court's discussion below takes into consideration those specific individuals though Plaintiff has not named them as defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-06654 SVW (ADS)          Date: February 10, 2022

Title: *Joseph v. Superior Court of California Los Angeles, et al.*

## IV. ANALYSIS

### A. Claim 1: Conspiracy to Violate Constitutional Rights (42 U.S.C. § 1985(3))[2]

The first claim raised in the Complaint is a Section 1985(3) conspiracy claim against all the defendants. Section 1985(3) "prohibits two or more persons from conspiring to deprive any person or class of persons of the equal protection of the law." Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1141 (9th Cir. 2000). To state a Section 1985(3) claim, a plaintiff must allege "(1) the existence of a conspiracy to deprive [her] of the equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." Id. "A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). In addition, a plaintiff must allege that the defendant acted under color of state law. Sykes v. California, 497 F.2d 197, 202 (9th Cir. 1974); see also Solano v. Select Portfolio Servicing, Inc., No. CV-15-9718-MWF (GJSx), 2016 WL 5937794, at *3 (C.D. Cal. Apr. 6, 2016) (dismissing Section 1985 claim for failure to allege that the defendants acted under color of state law).

#### 1. *Younger* Abstention

Under the Younger abstention doctrine, a federal court should abstain from hearing a case that would interfere with ongoing state proceedings absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971); ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014). Abstention is appropriate in three categories of cases: "(1) parallel, pending state criminal proceedings, (2) state civil proceedings that are akin to criminal prosecutions, and (3) state civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts.'" Herrera v. City of Palmdale, 918 F.3d 1037, 1043 (9th Cir. 2019) (quoting ReadyLink, 754 F.3d at 759). In addition to falling into one of these three categories of cases, a state court proceeding must also (1) be ongoing, (2) implicate important state interests, and (3) provide an adequate opportunity to raise

---

[2] The Complaint also makes passing reference to 42 U.S.C. § 1983 but does not assert a claim under this statute. (Compl. ¶ 13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-06654 SVW (ADS)                                  Date: February 10, 2022

Title: *Joseph v. Superior Court of California Los Angeles, et al.*

constitutional challenges. Id. at 1044. Under the Younger abstention doctrine, "claims for injunctive and declaratory relief are typically dismissed." Herrera, 918 F.3d at 1042. However, where damages are at issue, the damages action should be stayed rather than dismissed until the state proceedings are completed. Gilbertson v. Albright, 381 F.3d 965, 968 (9th Cir. 2004).

Younger abstention is appropriate in this case. First, juvenile dependency cases, like the one at issue here, are akin to criminal prosecution seeing as the state is attempting to take custody of a parent's child based on concerns for the child's welfare. See Hui Lian Ke v. Sandoval, No. 17-cv-04229-EMC, 2018 WL 163339, at *2 (N.D. Cal. Apr. 12, 2018) ("Child dependency cases, where the State has taken or is attempting to take custody of children, fit the description of that second category of cases that are akin to a criminal prosecution."); see also Moore v. Sims, 442 U.S. 415, 419-20, 423 (1979) (noting child dependency proceedings are akin to a criminal prosecution). Second, based on the allegations in the Complaint, it appears the juvenile dependency proceeding is ongoing because Plaintiff seeks to enjoin the proceeding from continuing. (Compl. ¶¶ 82-84, 104-105.) Third, juvenile dependency proceedings implicate important state interests. See Negrete v. Los Angeles Cnty., No. 2:20-cv-11124-JGB (MAA), 2021 WL 2551595, at *2 (C.D. Cal. June 22, 2021) (finding juvenile dependency proceedings implicated important state interests); Belinda K. v. Cnty. of Alameda, No. 10-CV-05797-LHK, 2012 WL 273661, at *3 (N.D. Cal. Jan. 30, 2012) ("it is well established that juvenile court proceedings implicate important state interests") (citing E.T. v. George, 681 F. Supp. 2d 1151, 1175 (E.D. Cal. 2010)). Here, this ongoing juvenile dependency proceeding undoubtedly implicates the state's interest in ensuring the health and welfare of Plaintiff's son. Finally, the Court must "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Here, there is no unambiguous authority to show that the state procedures will not afford Plaintiff an opportunity to raise her constitutional challenges, and the Court must assume she will be afforded the opportunity to do so in the state proceedings. See also Jasmin v. Santa Monica Police Dep't, No. CV 16-06999-FMO (JDE), 2017 WL 10575167, at *15 (C.D. Cal. Sep. 22, 2017) (finding that the dependency proceedings "provide[d] Plaintiff an opportunity to raise any federal questions").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-06654 SVW (ADS)                                              Date:  February 10, 2022

Title: *Joseph v. Superior Court of California Los Angeles, et al.*

Considering the above factors, the Court must abstain and dismiss Plaintiff's Section 1985(3) conspiracy claim under the Younger abstention doctrine to the extent Plaintiff seeks to enjoin the ongoing dependency proceeding. [3] Gilbertson, 381 F.3d at 981 (noting dismissal is appropriate when an injunction is sought).  To the extent Plaintiff also seeks damages, a stay of the damages claims—rather than a dismissal— would generally be the appropriate action.  Herrera, 918 F.3d at 1042 ("[O]ur court has also recognized that, when a district court abstain from considering a *damages* claim under *Younger*, it must *stay*—rather than dismiss—the damages action until state proceedings conclude.") (citing Gilbertson, 381 F.3d at 984).  However, the Court need not stay this case because the Complaint nevertheless fails to state a Section 1985(3) conspiracy claim as discussed below.

### 2.      Failure to Allege Conspiracy

As a preliminary matter, Plaintiff's Section 1985(3) claim against LADL fails because LADL did not act under color of state law.  An attorney appointed by the court to represent a parent in juvenile dependency proceedings does not act under color of state law.  See, e.g., Avelar v. DCSF, No. CV 16-0471-VBF (AGR), 2016 WL 11507983, at *4 (C.D. Cal. Oct. 18, 2016) (finding court-appointed public defender who represented parent in dependency proceedings did not act under color of state law); Machul v. Browning, No. CV 14-05214-SVW (DFM), 2014 WL 4590008, at *4 (C.D. Cal. Sep. 15, 2014) (same); Leubner v. Cnty. of San Joaquin, No. 2:08-cv-0853 GEB JFM PS, 2012 WL 2995671, at *17 (E.D. Cal. July 23, 2012) (same); Anderson v. Dist. Att'y Off., No. 11-CV-0572-IEG (MDD), 2011 WL 3013274, at *8 (S.D. Cal. Dec. 1, 2011) (same).  Here, because LADL was appointed by the superior court, they did not under color of state law by representing Plaintiff in the juvenile dependency proceeding.  Accordingly, Plaintiff's

---

[3] Even if the juvenile dependency proceeding has concluded, the Rooker-Feldman doctrine precludes the Court's review of Plaintiff's claim because she is "'complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced,' and she is 'inviting district court review and rejection of those judgments.'"  Lacy-Curry v. Alameda Cnty. Soc. Servs. Agency, 262 F. App'x 9, 9 (9th Cir. 2007) (unpublished) (affirming district court's dismissal of case challenging state court child dependency proceedings under the Rooker-Feldman doctrine).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-06654 SVW (ADS)                        Date: February 10, 2022

Title: *Joseph v. Superior Court of California Los Angeles, et al.*

Section 1985(3) conspiracy claim against LADL is dismissed.

       Plaintiff's Section 1985(3) conspiracy claim also fails because the Complaint does not allege facts to show that DCFS and the Superior Court Defendants conspired to violate her due process and equal protection rights under the Fourteenth Amendment. As discussed above, to state a Section 1985(3) conspiracy claim, Plaintiff must allege "(1) the existence of a conspiracy to deprive [him] of the equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." Addisu, 198 F.3d at 1141.

       Here, the Complaint fails to allege any facts showing the existence of a conspiracy to deprive her of due process and equal protection rights under the Fourteenth Amendment. At best, the Complaint alleges that DCFS removed her child from her custody based on its concerns for the child's welfare and that the Superior Court has presided over those proceedings as it is required to do. Moreover, the Complaint fails to allege that there was racial or otherwise class-based discriminatory animus behind DCFS's and the Superior Court Defendants' actions. Wells v. Bd. of Trs. of California State Univ., 393 F. Supp. 2d 990, 996 (N.D. Cal. 2005) ("[A]n indispensable element of the conspiracy claim is 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'") (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). The Court concludes the Complaint fails to state a Section 1985(3) claim against DCFS and the Superior Court Defendants.

       **B.    Claim 2: Denial of Accommodations Under the Americans with Disabilities Act**

       The Complaint also asserts a claim under the Americans with Disabilities Act ("ADA") based on allegations that the Superior Court Defendants and the unidentified clerks unlawfully denied her reasonable accommodations under the ADA.[4]

---

[4] Plaintiff cites 42 U.S.C. § 2000a-6 in the caption of her second claim. (See Compl. at 15.) Based on the Court's reading of the Complaint, the Court believes this citation was made erroneously. A claim brought under 42 U.S.C. § 2000a is based on allegations that a person was denied full and equal enjoyment of goods, services, facilities, privileges, advantages or accommodations in a place of public accommodation based on a person's *race*, *color*, *religion*, or *national origin*. Kindle v. AAA Auto. Club of S. Cal.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-06654 SVW (ADS)  Date: February 10, 2022

Title: *Joseph v. Superior Court of California Los Angeles, et al.*

The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under the ADA, a plaintiff must show "(1) that she is disabled within the meaning of the ADA; (2) that she is a qualified individual with a disability; and (3) that she was discriminated against because of her disability." Smith v. Clark Cnty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013).

Here, the Complaint fails to allege facts to show that the Superior Court Defendants' and the unidentified clerks' alleged failure to respond to her request for accommodation was because of her disability. Even construing the allegations in Plaintiff's favor, at best they show an oversight by these defendants, not an intentional act to deny her accommodations because of her disability.

Accordingly, Plaintiff's ADA claim is dismissed for failure to allege sufficient facts.

**V.  CONCLUSION**

For the reasons above, the Complaint is subject to dismissal in its entirety. Plaintiff must elect to proceed with one of the following options by no later than **March 3, 2022**. Plaintiff is expressly warned that failure to timely respond to this Order may result in a recommendation to the District Judge that this action be dismissed for failure to state a claim, for failure to prosecute, and/or for failing to obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

**A.  Option 1 – File a First Amended Complaint**

Plaintiff may file a signed First Amended Complaint that cures the defects the Court has pointed out in this Order. <u>Plaintiff is cautioned</u> that if she fails to state a claim upon which relief can be granted, the Court may recommend to the District Judge that those claims, which currently include the entire complaint, be dismissed without further

---

No. 2:20-cv-06470-RGK (SHK), 2020 WL 11272549, at *4 (C.D. Cal. Oct. 19, 2020). There are no allegations, however, that Plaintiff was denied reasonable accommodations based on any of these protected classes. Accordingly, the Court construes the Complaint as solely raising a claim under the Americans with Disabilities Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-06654 SVW (ADS)                              Date:  February 10, 2022

Title:  *Joseph v. Superior Court of California Los Angeles, et al.*

leave to amend.

In doing so, Plaintiff is reminded to provide a short, plain statement of what happened, identify her claims against each defendant, and clearly describe each defendant's wrongful conduct.  Plaintiff should clearly identify each defendant being sued and the capacity in which Plaintiff is suing each defendant.  Also, Plaintiff should state specific facts meeting the legal standard for each claim she is bringing.  Plaintiff is encouraged to use the attached Central District civil rights complaint form when filing the First Amended Complaint.

Plaintiff is advised that an amended complaint supersedes the prior complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  This means that the filing of an amended complaint entirely supplants or replaces the original or any prior complaint, which is "treated thereafter as nonexistent."  Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) (internal citations omitted).  Therefore, the First Amended Complaint must contain all claims Plaintiff intends to bring against all defendants.

The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint.

### B.     Option 2 – Voluntarily Dismiss

Plaintiff may elect to voluntarily dismiss the Complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) by filing a Notice of Dismissal.  The Clerk is directed to provide Plaintiff with a Notice of Dismissal Form (CV-009).  Plaintiff is advised that a voluntary dismissal does not constitute a "strike" under 28 U.S.C. § 1915(g), whereas a dismissal of a civil complaint filed by a prisoner on the grounds that it "fails to state a claim upon which relief may be granted" would constitute a "strike." See 28 U.S.C. § 1915(g).

### C.     Option 3 – Proceed with Complaint

Plaintiff may elect to proceed with the Complaint in its current form.  To do so, Plaintiff must file a statement with the Court stating that he wishes to select Option 3 and proceed on the Complaint, despite the infirmities described in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-06654 SVW (ADS)                                      Date: February 10, 2022

Title: *Joseph v. Superior Court of California Los Angeles, et al.*

  Plaintiff is expressly cautioned that the deficient claims within the Complaint are insufficiently pled and subject to dismissal.  If Plaintiff selects Option 3, it will be viewed by the Court as the inability to cure the defects identified in this order.  As such, the Court may recommend dismissal with prejudice to the District Judge.  Dismissal with prejudice means that Plaintiff will be given no further opportunities to amend, this case will be closed, and Plaintiff will not be able to assert these same claims in a new case.  Dismissal of a civil complaint filed by a prisoner on the grounds that it "fails to state a claim upon which relief may be granted" would also constitute a "strike."  See 28 U.S.C. § 1915(g).

  **IT IS SO ORDERED.**

Initials of Clerk kh