UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN JOSEPH,<br><br>                    Plaintiff,<br><br>           v.<br><br>SUPERIOR COURT OF CALIFORNIA, LOS ANGELES, et al.,<br><br>                    Defendants. | Case No. 2:21-06654 SVW (ADS)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS |

## I.   INTRODUCTION

Plaintiff Kristen Joseph filed a pro se civil rights complaint ("Complaint") on August 17, 2021.  (Dkt. No. 1.)  On screening, the Court dismissed the Complaint in its entirety and gave Plaintiff three options on how to proceed with the case ("ODLA").  (Dkt. No. 6.)  Plaintiff's response to the ODLA was due March 3, 2022.  (See id. at 6.)  On March 7, 2022, having received no response from Plaintiff, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute and for failure to obey court orders.  (Dkt. No. 7.)  Plaintiff's response was due by

March 21, 2022.  (Id.)  As of the date of this order, Plaintiff has not filed a response to either of the Court's prior orders.  Plaintiff's last contact with the Court was on August 17, 2021.  (Dkt. No. 8.)

## II.     LEGAL STANDARD

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with a court order.  See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002).  Five factors are weighed in determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Pagtalunan, 291 F.3d at 642.

## III.    DISCUSSION

Having weighed the five factors, the Court finds the first, second, third, and fifth factors weigh in favor of dismissing this action.  As to the first and second factors, Plaintiff's failure to engage with this case and file a response to the Court's orders has interfered with the public's interest in the expeditious resolution of this litigation, as well with the Court's need to manage its docket.  See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal").  As to the third factor, Plaintiff has failed to rebut the presumption that the defendants have been prejudiced by this unreasonable delay.  Moneymaker v. Coben (In re Eisen), 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law

1  presumes injury from unreasonable delay.") (quoting <u>Anderson v. Air West, Inc.</u>, 542
2  F.2d 522, 524 (9th Cir. 1976)).  As to the fifth factor, there is no less drastic sanction
3  available as the Court has given Plaintiff ample time to file a First Amended Complaint
4  or other response to these orders and has warned Plaintiff that the case would be
5  dismissed if she failed to respond to the Court's prior orders.  Accordingly, the Court has
6  taken meaningful steps to explore alternatives to dismissal.  See <u>Henderson v. Duncan</u>,
7  779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction
8  short of dismissal before finally dismissing a case, but must explore possible and
9  meaningful alternatives.").  Finally, although the fourth factor always weighs against
10 dismissal, Plaintiff's failure to discharge her responsibility to move the case towards a
11 disposition outweighs the public policy favoring disposition on the merits.  <u>Morris v.</u>
12 <u>Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a
13 policy favoring disposition on the merits, it is the responsibility of the moving party to
14 move towards that disposition at a reasonable pace, and to refrain from dilatory and
15 evasive tactics.").  Having weighed these factors, the Court finds that dismissal of this
16 action with prejudice is warranted.
17 //
18 //
19 //

## IV. CONCLUSION

Accordingly, this action is dismissed with prejudice for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). Judgment is to be entered accordingly.

IT IS SO ORDERED.

Dated: March 31, 2022

THE HONORABLE STEPHEN V. WILSON
United States District Judge

Presented by:

    /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge